UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STATEWIDE AQUASTORE, INC.,

        Plaintiff,

v.

PELSEAL TECHNOLOGIES, LLC,

        Defendant.
_____

5:06-CV-0093
(FJS/GHL)

APPEARANCES                                          OF COUNSEL

SHEATS & ASSOCIATES, P.C.                 EDWARD J. SHEATS, ESQ.
  Counsel for Plaintiff
9646 Brewerton Road
P.O. Box 820
Brewerton, NY 13029

EUSTACE & MARQUEZ                       HEATH A. BENDER, ESQ.
  Counsel for Defendant
1311 Mamaroneck Avenue
White Plains, NY 10605

GEORGE H. LOWE, United States Magistrate Judge

## DECISION

On June 4, 2007, I issued an Order granting Defendant's motion to stay discovery in this action until the issuance of an Order deciding Defendant's pending motion to dismiss. (Dkt. No. 21.) In that Order, I stated that, in the near future, I would issue a written decision explaining the grounds for the Order. This is that written decision.

A district court has discretion to stay a case pursuant to "the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *WorldCrisa Corp. v. Armstrong,* 129 F.3d 71, 76 (2d Cir. 1997)

[citations omitted].  In determining whether the movant has met its burden of showing necessity for the stay, district courts consider several factors, including (but not limited to) whether the movant would be prejudiced if the stay were not granted, whether the non-movant would be prejudiced if the stay were granted, whether the stay is expected to be of a reasonable duration, and whether the movant has taken, or will take, any steps to hamper the progress of the action. *See Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co.*, 339 F.2d 440, 442 (2d Cir. 1964) (describing non-exhaustive list of relevant factors to be considered by court when deciding whether or not to grant motion for stay); *WorldCrisa Corp.*, 129 F.3d at 76 (focusing on prejudice factor in deciding whether or not to grant motion for stay).

     Here, I find that Defendant would be more prejudiced if the stay were not granted than Plaintiff would be prejudiced if the stay were granted.  Defendant's principal place of business is in Newtown, Pennsylvania, and it appears that the several depositions in the case are expected to occur in Syracuse, N.Y., Albany, N.Y., and/or White Plains, N.Y.  Furthermore, it appears that Defendant is a small corporation with only a few employees.  While I acknowledge Plaintiff's general interest in "keep[ing] this case moving forward" (Dkt. No. 20, Part 1, at 2 [Response in Opposition from Plaintiff]), I also acknowledge that Plaintiff points to no *specific* prejudice that it will experience if the resolution of the case is delayed for a reasonable length of time (*see id.*). In addition, I acknowledge the potential that the case will end if the Court grants Defendant's motion to dismiss (Dkt. No. 13).  Although I have not considered that motion in depth, I have reviewed it briefly and concluded that it appears, at first glace, to have some merit.  Generally, it appears that the success of that motion will hinge on whether or not a certain forum-selection clause (requiring that the courts of Pennsylvania shall have exclusive jurisdiction over all claims

arising from the contract) was part of the basis of the bargain between the parties under the circumstances.  (*See generally* Dkt. Nos. 13, 15, 16.)

Moreover, I find that the stay is expected to be of a reasonable duration.  Typically, such dispositive motions in commercial litigations in this Court are decided before the expiration of the district courts' next six-month reporting cycle, which, here, will occur on September 30, 2007.

Finally, I find no evidence that Defendant has taken any steps, or will take any steps, to hamper the progress of the action.  Rather, I find that Defendant's filing of a motion to dismiss is merely a step to accelerate resolution of the matter, not to delay that resolution.

For all these reasons, I issued the June 4, 2007, Order in this action, granting Defendant's motion to stay discovery in this action until the issuance of an Order deciding Defendant's pending motion to dismiss.  (Dkt. No. 21.)

Dated: June 21, 2007
       Syracuse, New York

George H. Lowe
United States Magistrate Judge