UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STATEWIDE AQUASTORE, INC.,

                            **Plaintiff,**

                 v.                                          5:06-CV-93
                                                                  (FJS/GHL)

PELSEAL TECHNOLOGIES, LLC,

                            **Defendant.**
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **SHEATS & ASSOCIATES, P.C.**<br>9646 Brewerton Road<br>P.O. Box 820<br>Brewerton, New York 13029<br>Attorneys for Plaintiff | **PATIENCE E. SCHERMER, ESQ.**<br>**EDWARD J. SHEATS, ESQ.** |
| **EUSTACE & MARQUEZ**<br>1311 Mamaroneck Avenue, 3rd Floor<br>White Plains, New York 10605<br>Attorneys for Defendant | **HEATH A. BENDER, ESQ.** |

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      In its complaint, Plaintiff alleges that Defendant breached a contract for the supply of sealer and seeks $170,000 in damages plus interest. Specifically, Plaintiff contends that Defendant breached the contract by "failing and refusing to provide [Plaintiff] with acceptable product, by failing and refusing to provide product as agreed, by breaching implied and express warranties, [and] by supplying a product which was not fit for the purposes intended . . . ." *See* Complaint at ¶ 6.

Currently before the Court is Defendant's motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1), (b)(3), and (b)(6) of the Federal Rules of Civil Procedure.

## II. BACKGROUND

On November 4, 2005, Plaintiff filed its complaint in New York State Supreme Court. On January 20, 2006, Defendant filed its answer, which included a counterclaim for breach of contract, in state court; sent a Notice of Removal to the United States District Court for the Western District of New York; and sent a Notice of Filing of Notice of Removal to the state court as notice of its attempted removal of the action to federal district court. When Defendant realized that it had removed the case to the wrong district court, it contacted the Western District's Clerk's Office on January 23, 2006, and that court returned Defendant's check for the filing fee. Defendant then filed its Notice of Removal in this Court on January 24, 2006.

On February 29, 2006, Plaintiff filed a motion to remand this case to state court on the ground that Defendant had waived its right to removal by filing an answer with a permissive counterclaim prior to filing its Notice of Removal in this Court. *See* Dkt. No. 4. In an Order dated January 24, 2007, the Court denied Plaintiff's motion. *See* Dkt. No. 7.

Defendant now moves for dismissal of Plaintiff's complaint on the ground that, pursuant to a forum selection clause in the parties' agreement, Plaintiff, as the buyer, submitted to the exclusive jurisdiction of the courts of the Commonwealth of Pennsylvania.

## III. DISCUSSION

A.      **Issue of waiver**

Plaintiff argues that Defendant waived its right to challenge the forum for this action for two reasons: (1) it failed to raise this issue in a pre-answer motion or in a responsive pleading and (2), by removing the action to this Court, Defendant affirmatively sought and agreed to the jurisdiction of this Court.

Despite Plaintiff's assertion to the contrary, Defendant did challenge the jurisdiction of this court in its answer.  Moreover, Defendant did not waive its right to contest either the jurisdiction of this Court or whether this Court was the proper forum for this action by removing the matter from state court to this Court.  The general removal statute provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, **to the district court of the United States for the district and division embracing the place where such action is pending**."  28 U.S.C. § 1441(a) (emphasis added).  Since this case was pending in New York State Court in Onondaga County, Defendant had to remove the matter to this Court because it was the district court that embraced the place where the action was pending.

Accordingly, the Court finds that Defendant has not waived its right to challenge this Court's jurisdiction or the proper forum for this action.

B.      **Forum selection clause**

The parties do not appear to dispute that a contract exists.  They do, however, disagree about what constitutes that contract and what the terms of that contract are.  Defendant contends

that the parties' contract consists of a single-page double-sided "Purchase Order Acknowledgement," ("P.O. Acknowledgment"), dated May 25, 2005, expressing the terms of the agreement between the parties.[1] *See* Affirmation of Heath A. Bender dated March 13, 2007 ("Bender Aff."), at ¶ 7 and Exhibit "D." That P. O. Acknowledgment provided that 400 20-ounce tubes of PELSEAL 2531 sealant would be sold and delivered to Plaintiff on July 18, 2005, at a cost of $39,200.00. *See id.*

The following text appeared on the front of the P.O. Acknowledgment: "You should carefully read the reverse side of this document as it constitutes the contract between the parties hereto." *See id.* at Exhibit "D." Defendant relies on paragraphs 1 and 14, which are on the reverse side of its P.O. Acknowledgment, to support its position that the parties' sales contract included a forum selection clause.

Paragraph 1 provides as follows:

> 1. Seller's Terms to Govern.
> ALL SALES ARE EXPRESSLY LIMITED TO AND MADE
> CONDITIONAL UPON THE ACCEPTANCE BY THE BUYER
> OF THE EXACT TERMS AND CONDITIONS CONTAINED
> HEREIN (THE "AGREEMENT"). THE TERMS AND
> CONDITIONS CONTAINED ON ANY PURCHASE ORDER OR
> REQUEST FOR QUOTATION RECEIVED BY PELSEAL®
> TECHNOLOGIES, LLC (THE "SELLER") FROM BUYER ARE
> EXPRESSLY SUPERSEDED HEREBY AND SHALL NOT BE
> CONSTRUED AS PART OF THIS AGREEMENT. ANY
> ADDITIONAL OR DIFFERENT TERMS CONTAINED IN ANY
> RESPONSE HERETO SHALL BE DEEMED OBJECTED TO
> BY THE SELLER AND SHALL BE OF NO FURTHER EFFECT.

---

[1] Defendant also asserts that it sent additional P.O. Acknowledgments to Plaintiff on August 30, 2005, September 2, 2005, and September 9, 2005, in response to Plaintiff's additional purchase orders for sealant and that the same language was contained in each P.O. Acknowledgment.

*See id.* at Exhibit "D" at ¶ 1.

      Paragraph 14 provides as follows:

> 14. Governing Law; Jurisdiction.
> This Agreement will be construed according to the substantive
> laws of the Commonwealth of Pennsylvania without giving effect
> to the conflict of laws principles thereof.  This Agreement
> constitutes a valid and binding contract construed under the laws of
> the Commonwealth of Pennsylvania.  Buyer hereby submits to the
> exclusive jurisdiction of the courts of the Commonwealth of
> Pennsylvania in resolving any dispute or claims by or against each
> party hereto.

*See id.* at Exhibit "D" at ¶ 14.

      To the contrary, Plaintiff contends that the parties' agreement was formed by the e-mail quotations and conversations between the parties in May, 2005, and by Plaintiff's subsequent Purchase Order and down payment for its order of Pelseal 2531 on May 25, 2005, and that the sales contract does not contain a forum selection clause.  Furthermore, Plaintiff argues that Defendant's P.O. Acknowledgment is nothing more than a preprinted receipt for Plaintiff's order.  Finally, Plaintiff asserts that, at best, the "Terms and Conditions of Sale" that appear on the reverse side of Defendant's P.O. Acknowledgment are additional proposed terms to the parties' agreement.

      The record reveals that, after a number of e-mails between the parties, Plaintiff sent its first Purchase Order, ST-1221-02, to Defendant for "400 20 oz. tubes of Pelseal 2531 sealer" at a unit price of $98.00 for a total of $39,200.00.  Cindy Lusk signed this Purchase Order on Plaintiff's behalf.  In response, Defendant sent Plaintiff a P.O. Acknowledgment, which, in addition to the terms that Plaintiff had stated on its Purchase Order, included, among other terms and conditions, a forum selection clause.  Having reviewed these documents, the Court concludes

that the e-mails between the parties constituted their negotiations, which resulted in Plaintiff's "offer," in the form of its Purchase Order, to purchase Pelseal 2531 sealer from Defendant. Defendant's response to this offer was its P.O. Acknowledgment, which constituted either an acceptance/confirmation of Plaintiff's offer or a counter-offer. Thus, despite Defendant's assertion to the contrary, this case does, in fact, involve a "battle of the forms." Therefore, to resolve the issue of whether the forum selection clause is part of the parties' sales contract, the Court must refer to § 2-207 of New York's Uniform Commercial Code, which provides that

> (1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.
>
> (2) the additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:
> (a) the offer expressly limits acceptance to the terms of the offer;
> (b) they materially alter it; or
> (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.
>
> (3) Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of this Act.

N.Y. U.C.C. § 2-207.

Since Plaintiff and Defendant are merchants, the forum selection clause in Defendant's P.O. Acknowledgment became part of the parties' sales contract unless one of the exceptions in § 2-207(2) applies.

Plaintiff argues that, because the forum selection clause would materially alter the contract and it did not expressly assent to the inclusion of that clause in the contract, the forum selection clause did not become part of the parties' agreement. Defendant disagrees, arguing that, after receiving the first Purchase Order Acknowledgment, Plaintiff never told Defendant that it disagreed with any of the terms and conditions included in the Purchase Order Acknowledgment nor did Plaintiff object to them in any way.

Plaintiff's point is well taken. In *Posh Pooch Inc. v. Nieri Argenti s.a.s.*, 2006 WL 435808 (to be published at 11 Misc. 3d 1055(A)) (Supreme Ct., N.Y. County, Feb. 23, 2006), the defendant moved to dismiss the action based upon the forum selection clause contained in the invoices that it had sent to the plaintiffs. The court held that the clause was unenforceable under § 2-207(2)(b) because "[a] forum selection clause is indisputably a material term of a contract for the sale of goods between merchants." *Id.* at *3 (citing *Hugo Boss Fashions, Inc. v. Sam's European Tailoring, Inc.*, 293 AD2d 296, 297, 742 N.Y.S.2d 1 (1st Dept. 2002); *Pacamor Bearings, Inc. v. Molon Motors & Coil, Inc.*, 102 AD2d 355, 477 N.Y.S.2d 856 (3d Dept. 1984); *General Instrument Corp. v. Tie Mfg., Inc.*, 517 F. Supp. 1231, 1233-34 (S.D.N.Y. 1981)). Moreover, the court rejected the defendant's argument that the court should enforce the clause because the plaintiffs had never disputed the terms and conditions written on the invoices and held that, under *Marlene Indus. Corp. v. Carnac Textiles, Inc.*, 45 N.Y.2d 327 (1978), "a buyer must explicitly *agree* to [such terms]." *Id.* at *4.[2]

---

[2] In *Posh Pooch*, the court noted that there was no "battle of the forms" because only the defendant's invoice was involved. However, the court stated that the holdings in *Marlene Industries* and *ISPO, Inc. v. Clark-Schwebel Fiber Glass Corp.*, 140 A.D.2d 195, 197 (1st Dep't 1988), which did involve such battles, "depended less on whether both parties had sent forms
(continued...)

There is no evidence in the record, and Defendant does not assert, that Plaintiff ever explicitly agreed to the inclusion of the forum selection clause in the parties' sales agreement. Therefore, because the forum selection clause would materially alter the parties' agreement and Plaintiff never explicitly agreed to the inclusion of that clause, the Court finds that the forum selection clause contained in Defendant's P.O. Acknowledgment is unenforceable under § 2-207(2)(b). Accordingly, Defendant cannot rely upon this clause as a basis for its motion to dismiss Plaintiff's complaint.

## IV. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion to dismiss Plaintiff's complaint is **DENIED**; and the Court further

---

[2](...continued)
than on whether the buyer had explicitly expressed agreement with the additional, material term proposed by the seller in its sales confirmation form or invoice." *Posh Pooch*, 2006 WL 435808, at *4 (footnote omitted). Thus, to the extent that Defendant argues that § 2-207 does not apply because the contract consists of only one form – its P.O. Acknowledgment – the Court adopts the reasoning of the court in *Posh Pooch* and concludes that it is not the number of forms that matters but whether Plaintiff, as purchaser, explicitly agreed to the additional, material term that Defendant, as seller, included in its P.O. Acknowledgment.

**ORDERS** that this matter is referred to Magistrate Judge Lowe for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: April 28, 2008
       Syracuse, New York

                                        Frederick J. Scullin, Jr.
                                        Senior United States District Court Judge