UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STATEWIDE AQUASTORE, INC.,

      **Plaintiff,**

    v.               5:06-CV-93
                     (FJS/GHL)

PELSEAL TECHNOLOGIES, LLC,

      **Defendant.**
_____

**APPEARANCES**               **OF COUNSEL**

**SHEATS & ASSOCIATES, P.C.**       **EDWARD J. SHEATS, ESQ.**
9650 Brewerton Road            **PATIENCE E. SCHERMER, ESQ.**
P.O. Box 820
Brewerton, New York 13029
Attorneys for Plaintiff

**EUSTACE & MARQUEZ**          **HEATH A. BENDER, ESQ.**
1311 Mamaroneck Avenue
White Plains, New York 10605
Attorneys for Defendant

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

   Currently before the Court is Defendant's appeal from Magistrate Judge Lowe's September 30, 2008 Order, in which he denied Defendant's request for a protective order precluding discovery of certain "trade secrets," and ordered "that, pursuant to a confidentiality order/stipulation, Plaintiff may have discovery, by depositions and the production of documents, of the chemical design and manufacturing process of the sealer product at issue." *See* Dkt. No.

32 at 3.[1]

## II. BACKGROUND

Defendant is in the business of manufacturing high performance liquid fluoroelastomer products. *See* Affirmation of Heath A. Bender dated October 2, 2008 ("Bender Aff."), at ¶ 4. "These are state-of-the-art coatings, adhesives, sealants, and caulks that exhibit extraordinary performance characteristics in harsh environments." *See id.* Plaintiff is a corporation in the business of making glass-fused-to-steel storage tanks. *See id.* at ¶ 5.

Plaintiff purchased several hundred tubes of fluoroelastomer sealant ("sealant") from Defendant for use in the construction of two wastewater tanks. *See id.* at ¶ 6; Complaint at ¶ 4. Plaintiff alleges that it used the sealant in order "to make the tanks watertight;" but, "[w]hen the tanks were filled and tested with potable water, they leaked." *See* Affidavit of Patience E. Schermer sworn to October 7, 2008 ("Schermer Aff."), at ¶ 3. Plaintiff alleges that the sealant's failure required it to disassemble the tanks and rebuild them with a different sealant. *See id.*

During discovery, Plaintiff sought information regarding the chemical makeup and manufacturing processes Defendant employed in creating its sealant. Defendant opposed producing any documents or giving any testimony that would disclose this proprietary information. *See* Dkt. No. 31 at 2-3. Defendant took the position that Plaintiff's inquiries about the chemical makeup, manufacturing process, and other proprietary information regarding Defendant's products, were irrelevant, improper, and were, therefore, precluded by the applicable

---

[1] Although Defendant refers to its motion as a "motion for reconsideration," technically, Defendant has filed an appeal from Magistrate Judge Lowe's September 30, 2008 Order.

case law and statutory authority. *See id.* On September 15, 2008, Magistrate Judge Lowe held a telephone conference to resolve this dispute and ordered the parties to file letter briefs further addressing their contentions.

In its letter brief, Plaintiff asked Magistrate Judge Lowe to allow it to question Defendant's representatives and to order the production of all documents relating to "potential product defect issues, the chemical design of [Defendant's] products, the manufacture of [Defendant's] products and the uses of [Defendant's] products." *See* Dkt. No. 30 at 3. Further, Plaintiff requested that Magistrate Judge Lowe "issue a confidentiality order to protect any proprietary information disclosed." *See id.* For its part, Defendant requested that Magistrate Judge Lowe issue a protective order under Rule 26(c) because the information that Plaintiff sought constituted trade secrets, and Plaintiff had failed to show that this information was indispensable to its prosecution of the case. *See* Dkt. No. 31 at 3.

On September 30, 2008, Magistrate Judge Lowe issued the Order from which Defendant now appeals. *See* Dkt. No. 32 at 3.

### III. DISCUSSION

#### A.    Standard of review

Pre-trial discovery issues are generally considered non-dispositive matters. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (citations omitted). When considering an appeal from a magistrate judge's ruling on a non-dispositive matter, a district court will modify or set aside any portion of the magistrate judge's ruling that it finds to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

A finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004) (quotation omitted). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000) (quotation omitted). "Considering that magistrate judges are given broad discretion with respect to pre-trial discovery matters, reversal is warranted only when that discretion is abused." *Id.* (citation omitted).

**B.     Discovery**

Parties may obtain discovery regarding any nonprivileged matter which is relevant to a claim or defense of any party. *See* Fed. R. Civ. P. 26(b)(1). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.*

A court must construe the word "relevance" broadly to include "any matter that bears on, or that reasonably could lead to other [information] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation and footnote omitted). Applying a liberal construction of the discovery rules, however, does not mean that there are no limitations to discovery. *See In re Six Grand Jury Witnesses*, 979 F.2d 939, 943 (2d Cir. 1992). Courts may impose limitations on any discovery "sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or when the examination is on matters protected by a recognized privilege." *Id.* (citation omitted). Therefore, the trial court is armed with discretion to determine whether to limit the boundaries of discovery "in light of the

-4-

relevant facts and circumstances of a particular case." *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1034 (S.D.N.Y. 1993) (citing *Nixon v. Warner Communications*, 435 U.S. 589, 599, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978)).

Contrary to Defendant's assertion, it was reasonable for Magistrate Judge Lowe to conclude that the information that Plaintiff sought was relevant to the prosecution of its action. In its complaint, Plaintiff asserts that Defendant breached the contract "by failing and refusing to provide [Plaintiff] with acceptable product, by failing and refusing to provide product as agreed, by breaching implied and express warranties, by supplying a product which was not fit for the purpose intended, and by otherwise breaching the contract with [Plaintiff]." *See* Complaint at ¶ 6. The complaint clearly alleges more than mere misrepresentation, as Defendant claims. The above language indicates Plaintiff's belief that the sealant was faulty; and, therefore, information regarding the sealant's manufacture and chemical design is clearly relevant.

Accordingly, the Court concludes that Magistrate Judge Lowe's determination that this information was relevant was not clearly erroneous or contrary to law.

## C.  Proprietary interests and trade secrets

In deciding whether or not to impose a protective order for traditionally protected material, courts of this circuit must weigh "'(1) the extent to which information is known outside the business; (2) the extent to which information is known to those inside the business; (3) the measures taken to guard the secrecy of the information; and (4) the value of the information to the business and its competitors.'" *Sherwin-Williams Co. v. Spitzer*, No. 1:04CV185, 2005 WL

2128938, *12 (N.D.N.Y. Aug. 24, 2005) (quotation omitted).[2] "Generally speaking, to obtain a protective order, there must be a specific demonstration of the facts as they relate to all of the factors, a specific articulation of the harm, and no reliance upon stereotypical and conclusory statements that the information is confidential." *Id.* (citations omitted).

The court in *Sherwin-Williams Co.* discussed a court's role in handling requests for discovery of information that is, by its very nature, confidential. *See id.* at *13. Discussing a case in which confidential information was in dispute, the court held that confidentiality orders "suggest[] a prophylactic and workable scheme in terms of handling categories of documents that are obviously, by their very nature, confidential and that their disclosure may cause some apparent long-term harm." *Id.* (citation omitted); *see also A.I.A. Holdings S.A. v. Lehman Bros.*, No. 97Civ.4978, 2000 WL 763848, *3 (S.D.N.Y. June 12, 2000) (holding that ordering the production of the unredacted confidential information, "subject to a confidentiality order, is clearly the solution that best balances [the parties'] competing interests.").

In *Dynacore Holdings Corp. v. U.S. Philips Corp.*, Nos. 01Civ.5012, 01Civ.10798, 2002 WL 31233246 (S.D.N.Y. Oct. 4, 2002), the defendants argued that a protective order was necessary to protect confidential sales information, even though a confidentiality order was already in place. *See id.* at *4. Denying the request for a protective order, the court held that "'[t]he normal and expected reluctance of business firms to disclose sales information . . . is in itself an insufficient basis on which to deny discovery of that information under appropriate protection from divulgement to competitors.'" *Id.* (quoting *Truswal*, 813 F.2d at 1211). The

---

[2] Magistrate Judge Lowe accepted, for purposes of the motion, that the information Plaintiff sought was proprietary. For purposes of this Memorandum-Decision and Order, the Court will do the same.

court noted that the defendants did not explain why the confidentiality order was insufficient to meet their concerns regarding disclosure of the confidential information. *See id.*

Magistrate Judge Lowe noted that Defendant had failed to explain why a confidentiality order would be insufficient to protect the confidentiality of the information that Plaintiff sought. *See* Dkt. No. 32 at 2. Defendant has not alleged that Plaintiff is a competitor who will use this information to its competitive advantage. To this point, Defendant merely argues that, because Plaintiff was able to test the sealant actually used, it is unnecessary to release information regarding its manufacture and chemical composition. *See* Defendant's Memorandum of Law at 9-10. Magistrate Judge Lowe properly found such arguments unpersuasive.

Moreover, even assuming that the cases Defendant cited were binding on the Court, Magistrate Judge Lowe correctly noted that they suggest that a confidentiality order is the appropriate remedy. *See Cortes v. Complete Foam Insulation Corp.*, 116 A.D.2d 907, 908 (3d Dep't 1986) (noting that the plaintiff, who was seeking disclosure of trade secrets, "refused to sign a stipulation of confidentiality offered by" the defendant, thereby making a court order necessary to protect the proprietary information); *Jackson v. Dow Chemical Co., Inc.*, 214 A.D.2d 827, 827-28 (3d Dep't 1995) (upholding confidentiality and protection orders upon the defendant showing that the discovery demand required it to reveal trade secrets and the plaintiff showing that the information was indispensable to support its case).

In this case, Plaintiff has made clear its willingness to enter into a confidentiality stipulation/order and, contrary to Defendant's assertions, has asserted claims that render the information that Plaintiff seeks necessary to the successful prosecution of its case. Based on the foregoing, the Court concludes that Magistrate Judge Lowe's Order was well within the broad

discretion granted to magistrate judges to deal with pre-trial discovery matters. *See Tompkins*, 92 F. Supp. 2d at 74 (citation omitted).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's appeal from Magistrate Judge Lowe's September 30, 2008 Order is **DENIED**; and the Court further

**ORDERS** that Magistrate Judge Lowe's September 30, 2008 Order is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: February 17, 2010
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge